# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARQUINCY LEE CARR,

Plaintiff,

v.

TONIA ROZMARYNOSKI, JAMES KOEHLER, CHRISTOPHER M. STEVENS, JODENE PERTTU, and JAMES KENT,

Defendants.

Case No. 26-CV-259-JPS

**ORDER**

Plaintiff ArQuincy Lee Carr, an inmate confined at Green Bay Correctional Institute, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff filed an amended complaint on March 27, 2026. ECF No. 12. This Order screens Plaintiff's amended complaint and resolves his motion for leave to proceed without prepaying the filing fee, motion for a temporary restraining order, and motion to use release account.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 13, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $0.52. ECF No. 19. Plaintiff paid that fee on June 10, 2026. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order. The Court will deny as moot Plaintiff's motion to use his release account to pay the initial partial filing fee, ECF No. 21.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**2.2 Plaintiff's Allegations**

Plaintiff brings his amended complaint against Defendants Tonia Rozmarynoski ("Rozmarynoski"), James Koehler ("Koehler"), Christopher M. Stevens ("Stevens"), Jordene Perttu ("Perttu"), and James Kent ("Kent"). ECF No. 12 at 1. On November 1, 2024, Plaintiff was placed on a security safety plan. *Id.* at 2. The security plan was created to modify inmates' behavior. *Id.* Plaintiff placed in a hardened cell with no emergency call button. *Id.* at 3. Plaintiff was denied the right to brush his teeth, and he had to beg and plead for a toothbrush and toothpaste for days. *Id.* Plaintiff was forced to live in atypical living conditions that were extremely uncomfortable and forced Plaintiff to miss legal deadlines. *Id.* at 4. Plaintiff asserts that the restrictions placed on him were punitive. *Id.* Plaintiff's property was seized by staff and never returned. *Id.* at 8.

On February 13, 2025, Koehler ordered staff to tether Plaintiff's wrist to the door during medication pass. *Id.* at 8. Staff refused to tether Plaintiff because they feared being assaulted. *Id.* This restriction was removed on

February 14, 2025. *Id.* Plaintiff has been denied access to a phone and outdoor recreation for over three-hundred days. *Id.* at 11. All of the containers in Plaintiff's cell and other property were removed and were never returned. *Id.* Perttu and Stevens were turning a blind eye to this atypical treatment and violations of department policy. *Id.* Kent and Koehler imposed restrictions on inmates for thirty days and then extended the restrictions with no notice. *Id.*

Rozmarynoski violated the Prison Rape Elimination Act ("PREA") by having unannounced staff of opposite genders present. *Id.* at 12. Rozmarynoski saw Plaintiff nude without his consent. *Id.* On November 13, 2025, Rozmarynoski stated that she planned to keep Plaintiff in a trap cell. *Id.*

**2.3 Analysis**

The Court finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Here, Plaintiff brings claims related to restrictions Kent and Koehler placed on him during 2024 to 2025. Separately, Plaintiff brings a claim

against Rozmarynoski for sexual abuse and harassing him in 2025. These claims do not involve questions of law or fact that are common to all defendants. As such, the Court finds that Plaintiff's amended complaint violates Rules 18 and 20 because he seeks to bring unrelated claims against unrelated defendants. When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than the Court deciding which claims to sever (remove from the case) or which defendants to dismiss, the Court will instead give Plaintiff an opportunity to choose which of the above-described unrelated claims he wants to pursue in this case, and which he wants to bring in separate cases.

The Court will give Plaintiff a deadline of **October 8, 2026** by which to file a second amended complaint that focuses on the related claim(s) of his choice. If he wishes to pursue the other unrelated claims, he may file separate complaints regarding those claims. If Plaintiff fails to file a second amended complaint by the deadline, the Court may dismiss his case for the failure to prosecute. Additionally, the Court notes that Plaintiff has filed numerous affidavits and declarations that appear to allege additional information relating to his claims. *See* ECF Nos. 14, 15, 16, 17, 18, 23, 24, 26, 27. The Court notes that Plaintiff should include all the relevant factual allegations related to his complaint in a second amended complaint.

In amending his complaint, Plaintiff should consider the following additional information. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A

prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). The Seventh Circuit has made clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment. *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013)).

Additionally, Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008). A supervisor may be held liable under § 1983 if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of

what they might see." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

### 3. PRELIMINARY RELIEF

Next, the Court will deny Plaintiff's motion for a temporary restraining order. ECF No. 4. Preliminary relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases

challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, Plaintiff alleges that Rozmarynoski is harassing him and causing him severe emotional distress. ECF No. 4. It is unclear at this juncture whether Plaintiff will state a claim against Rozmarynoski in this case. Plaintiff therefore has not shown a likelihood of success on the merits of his case or that irreparable harm is likely to occur in the absence of Court intervention. *See D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016); *Winter*, 555 U.S. at 22 (a preliminary injunction requires a "clear showing that [the plaintiff] is entitled to such relief"). As such, the Court is obliged to deny Plaintiff's motion for a temporary restraining order. The Court will deny Plaintiff's motion without prejudice, and he may refile it if he chooses to pursue claims against Rozmarynoski in a second amended complaint.

## 4. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

IT **IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order, ECF No. 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to pay the IPFF from his release account, ECF No. 21, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the amended complaint violates Federal Rules of Civil Procedure 18 and 20; Plaintiff must submit a second

amended complaint on or before **October 8, 2026**; Plaintiff's failure to do so may result in the dismissal of this case for his failure to prosecute;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.48 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.